**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 16 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ISELA AGUILAR-LISCANO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-1462

Agency No.
A205-464-337

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2024[**]
San Francisco, California

Before: GRABER, CALLAHAN, and KOH, Circuit Judges.

Petitioner Isela Aguilar-Liscano, a native and citizen of Mexico, seeks

review of the Board of Immigration Appeals' ("BIA") decision affirming an

immigration judge's ("IJ") denial of her applications for asylum, withholding of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). Where, as here, the BIA adopts the IJ's reasoning, we review both decisions. Garcia-Martinez v. Sessions, 886 F.3d 1291, 1293 (9th Cir. 2018). Reviewing legal conclusions de novo and factual findings for substantial evidence, Ruiz-Colmenares v. Garland, 25 F.4th 742, 748 (9th Cir. 2022), we deny the petition.

1. With respect to asylum and withholding of removal,[1] the BIA ruled that the Department of Homeland Security ("DHS") established by a preponderance of the evidence that Petitioner could safely and reasonably relocate within Mexico to avoid future harm. See 8 C.F.R. § 1208.13(b)(1)(i)(B); see also Gonzalez–Hernandez v. Ashcroft, 336 F.3d 995, 998–99 (9th Cir. 2003) (noting that "an individual who can relocate safely within [her] home country ordinarily cannot qualify for asylum" (citation and internal quotation marks omitted)). Substantial evidence supports the BIA's ruling.

Petitioner was severely abused by her ex-husband. On one occasion he

---

[1] Petitioner filed her application for asylum about eleven years after the deadline. 8 U.S.C. § 1158(a)(2)(B); see Ramadan v. Gonzales, 479 F.3d 646, 649–50 (9th Cir. 2007) ("[A]n alien seeking asylum must file an application within one year of arrival in the United States."). But the BIA addressed her claim on the merits. The BIA also assumed, without deciding, that Petitioner's proffered particular social groups are cognizable and that she suffered past persecution that entitles her to a presumption of a well-founded fear of future persecution. See Duarte de Guinac v. INS, 179 F.3d 1156, 1159 (9th Cir. 1999) (stating asylum standard). Accordingly, Petitioner's arguments regarding timeliness and cognizability are unavailing.

stabbed her, requiring her to be hospitalized for twenty days. He was convicted of the assault and was sentenced to six months in prison.

Upon learning of her ex-husband's release from prison, Petitioner relocated from her marital home in Ciudad Juarez to her parents' home in Campeche, Mexico. Although Petitioner alleged that she received threatening letters from her ex-husband during the five months that she resided at her parents' home and learned that he had "call[ed] [her] neighbors to ask if [she] was there," neither she nor her children or parents were harmed. Other than two phone calls—one in or about 2012 and another on an unspecified earlier date—Petitioner has had no contact with her ex-husband.

In considering asylum and withholding of removal, the BIA properly considered the entirety of Petitioner's individual circumstances, including Petitioner's testimony and the relevant country conditions. The record does not compel a conclusion contrary to the BIA's. Accordingly, Petitioner's claims for asylum and withholding of removal fail. See Gonzalez–Hernandez, 336 F.3d at 1001 n.5 (noting that a petitioner who fails to establish eligibility for asylum necessarily fails to meet the standard for withholding of removal).

2. Regarding CAT protection, the BIA permissibly ruled that Petitioner did not meaningfully challenge the IJ's denial—and the underlying findings—of her application for CAT protection. Therefore, Petitioner has forfeited that issue. See

Santos-Zacaria v. Garland, 598 U.S. 411, 416, 424 (2023) (holding that the statutory requirement for exhaustion is non-jurisdictional, but that ordinary rules of waiver and forfeiture apply).  Even if we considered the issue, Petitioner failed to make a separate argument to this court regarding CAT relief.  Accordingly, Petitioner has waived or forfeited any arguments regarding CAT relief.  See Martinez–Serrano v. INS, 94 F.3d 1256, 1259–60 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

3.  Finally, regarding Petitioner's claim that she was denied due process when the IJ denied her request for a continuance,[2] the BIA permissibly dismissed that claim.  Petitioner failed to show substantial prejudice because the IJ ruled against the government and concluded that the crime of which Petitioner was convicted did "not constitute a particularly serious crime."  See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir. 2000) ("To prevail on a due process challenge to deportation proceedings, [a petitioner] must show error and substantial prejudice.").

**PETITION DENIED.**

---

[2] Petitioner sought a continuance to address DHS's allegations that her prior criminal conviction constituted a particularly serious crime.